UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Sabrina Hager, your affiant, being duly sworn, state as follows:

1. I am a Special Agent with the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since August 2007. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy's Special Agent Basic Training program. I am a Federal Law Enforcement Officer as defined in Rule 41. As such, I am authorized and have the responsibility to investigate and arrest persons for violations of Federal law.

2. I am currently assigned to the Lexington I Field Office in the Louisville Field Division. During my tenure with ATF, I have conducted investigations into the violations of Federal Law, including firearm and controlled substance laws, as well as various other federal violations related to violent criminal activities committed by individuals, groups and gangs to include narcotics trafficking practices and procedures. Additionally, I have worked and consulted with others who have experience and knowledge in similar investigations.

3. This affidavit is being submitted in support of a criminal complaint. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that on February 23, 2026, in Fayette County in the Eastern District of Kentucky, MARIO A. GARR (GARR) was in violation of 18 U.S.C. § 922(g)(1) relating to the possession of a firearm or ammunition by a convicted felon.

4. I am familiar with the facts of this case. The information in this Affidavit is based on my personal investigation, as well as information imparted on me by the other law enforcement officers involved in this investigation. Additionally, the information set forth below is not a complete recitation of all the facts known in this entire investigation. Rather, it is specific information that I believe supports probable cause for the issuance of the requested warrant.

## PROBABLE CAUSE

5. On Monday, February 23, 2026, officers with the Lexington Police Department ("LPD") Narcotics Enforcement Unit (NEU) executed a state search warrant at the residence of GARR located at 165 Madison River Road, Unit # 106, in Lexington in the Eastern District of Kentucky. Prior to the execution of the search warrant, officers conducted surveillance on the residence. During this surveillance, officers observed the garage of the residence open and GARR's known vehicle exit. Officers immediately approached and located GARR operating the vehicle. GARR was, then, taken into custody.

6. During the search, in the upstairs master bedroom, officers located a Glock pistol lying directly on top of $2,000 in US currency on the nightstand next to the bed. The firearm was identified as a Glock model 43X, 9mm bearing serial number AGTM565. It was loaded with ten rounds of ammunition to include one in the chamber. Additional items located on the same nightstand included a Kentucky state issued driver's license in the name of GARR and a gallon size freezer bag containing approximately one pound and fourteen ounces of leafy marijuana (as depicted below):



7. After being *Mirandized*, GARR acknowledged knowing that the firearm was in the bedroom but claimed that the firearm belonged to his girlfriend. GARR, though, admitted that the girlfriend did not reside in the apartment. The girlfriend was also located inside the living room area of the apartment upon execution of the search warrant. The girlfriend attempted to claim ownership of the firearm but, when questioned further, was unable to provide any specific information regarding the weapon such as the make, model, or from where or whom she purchased the firearm. The girlfriend explained that she had recently arrived from Charlotte, North Carolina, where she resides.

8. In the same master bedroom, officers located an additional fifteen (15) rounds of 9 mm ammunition and another Glock magazine lying on a dresser. Further items of indicia were

also located in the bedroom to include a city utility bill addressed to GARR at the address of 165 Madison River Road, unit #106.

9. The Affiant conducted a criminal history query for Garr via the Federal Bureau of Investigation's National Crime Information Center and the Kentucky Administrative Office of the Court's statewide system, which are both computerized databases of crime data available to law enforcement for investigative purposes. The query revealed Garr had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that is, a felony offense. Specifically, GARR has been convicted in Fayette County of the following charges:

    a. Trafficking in a Controlled Substance 1st Degree (2 counts) in Fayette Circuit Case No. 10-CR-00455;

    b. Possession of a Controlled Substance 1st Degree in Fayette Circuit Court Case No. 09-CR-01445;

    c. Possession of a Controlled Substance 1st Degree in Fayette Circuit Case No. 08-CR-01049; and

    d. Possession of Controlled Substance 1st Degree in Fayette Circuit Case No. 05-CR-01293

10. Your affiant has conferred with a resident ATF Nexus Expert who confirmed that the aforementioned Glock 43X firearm was not manufactured in the Commonwealth of Kentucky and, therefore, would have traveled in interstate commerce prior to GARR's possession.

11. Based on all the information contained above, your affiant has probable and reasonable cause to believe that GARR, a felon, knowingly and unlawfully possessed a firearm, in violation of 18 U.S.C. § 922(g)(1).

12. I state that the above information is true and correct to the best of my knowledge, and request that this Criminal Complaint and corresponding arrest warrant be issued.

/s/ Sabrina G. Hager
Sabrina G. Hager, Special Agent
Bureau of Alcohol, Tobacco,
Firearms & Explosives

**Attested to by applicant per FRCrP 4.1 by reliable electronic means.**

Dated: February 24, 2026.

**Matthew A. Stinnett, U.S. Magistrate Judge**